UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANDRE MARQUIS ROGERS,<br><br>Petitioner,<br><br>v.<br><br>WARREN L. MONTGOMERY,<br><br>Respondent. | No. 2:20-cv-2421 AC P<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Petitioner, a state prisoner proceeding through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I. Background

On December 7, 2020, petitioner filed his original petition, which contained two grounds for relief. ECF No. 1. On December 18, 2020,[1] he filed a first amended petition that added three more grounds for relief, all of which are admittedly unexhausted. ECF No. 4. At the same time, he filed a motion for stay and abeyance under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). ECF No. 5. For the reasons explained below, the undersigned recommends that the motion for stay be denied.

////

---

[1] On December 22, 2020, petitioner filed another copy of the amended petition, which fixed defects with counsel's signature. ECF No. 6.

1

II.     Applicable Legal Principles

    A. Exhaustion

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus unless "there is an absence of available State corrective process" or circumstances make the process ineffective to protect a petitioner's rights. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.[2] 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. This requirement "gives states 'the first opportunity to address and correct alleged violations of state prisoner's federal rights.'" Wooten v. Kirkland, 540 F.3d 1019, 1023 (9th Cir. 2008) (quoting Coleman v. Thompson, 501 U.S. 722, 731 (1991)). In order "[t]o exhaust a constitutional claim, the claim must be 'fairly present[ed]' in state court to provide the state courts an opportunity to act on them." Dickens v. Ryan, 740 F.3d 1302, 1318 (9th Cir. 2014) (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam) (second alteration in original).

    B. Stay and Abeyance

When a petition includes unexhausted claims, a petitioner may seek a stay under Rhines v. Weber, 544 U.S. 269 (2005), or under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). A Rhines stay is available for (1) a petition containing only unexhausted claims or (2) a petition that is "mixed" (contains both exhausted and unexhausted claims), and preserves the federal filing date for unexhausted claims contained in the federal petition. Mena v. Long, 813 F.3d 907, 910 (9th Cir. 2016). In order to obtain a stay under Rhines, the petitioner must show that (1) good cause exists for the failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) petitioner has not intentionally delayed pursuing the litigation. Rhines, 544 U.S. at 277-78.

Alternatively, as in this case, a stay of an exhausted-claims-only petition may be sought under Kelly. See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing three-step procedure of Kelly). The procedure under Kelly is as follows:

---

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

> (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his [federal] petition and re-attaches the newly-exhausted claims to the original petition.

Id. (citing Kelly, 315 F.3d at 1070-71).

The Kelly stay-and-abeyance procedure does not require petitioner to demonstrate good cause or that the claims have merit. However, using the Kelly procedure means that any newly exhausted claims later added to the federal petition by amendment must "relate back" to the claims in the stayed petition or otherwise satisfy applicable timeliness requirements. In other words, "the Kelly procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." Id. at 1141. The court may deny a request for stay under Kelly if it is clear that newly exhausted claims would be time-barred. See id. at 1141-42.

### C. Statute of Limitations

Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. This statute of limitations applies to habeas petitions filed after April 24, 1996, when the Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect. Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005). The one-year clock commences from one of several alternative triggering dates. 28 U.S.C. § 2244(d)(1). In this case, the applicable date is that "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

### III.     A *Kelly* Stay Is Inappropriate Because Futile

#### A. Procedural Posture of Stay Request

Petitioner acknowledges that Claims Three through Five of the amended petition are unexhausted and requests a Kelly stay[3] while he exhausts the claims in state court. ECF No. 6 at

---

[3] Although the petition indicates that petitioner seeks a Rhines stay, ECF No. 6 at 27, the motion for stay itself seeks a stay under Kelly, ECF No. 5.

1    27; ECF No. 5.  According to the petition, petitioner's sentence became final on December 10,
2    2019, giving him until December 10, 2020, to timey file a federal petition.[4]  ECF No. 6 at 25.
3    Since the original petition, which contained exhausted Claims One and Two,[5] was filed on
4    December 7, 2020, those claims were timely filed.  However, the first amended petition was not
5    filed until December 18, 2020, meaning unexhausted Claims Three through Five are already
6    untimely.  Since removing the claims and amending them back into the petition at a later date
7    would only serve to make them more untimely, a Kelly stay is inappropriate unless the claims
8    relate back to those of the original petition.

9          B.  Claims Three and Four Do Not Relate Back

10       Petitioner argues that Claims Three through Five will be timely when he seeks to amend
11   them back into the petition "because they are 'tied to a common core of operative facts.'"  ECF
12   No. 5 at 3 (quoting Mayle v. Felix, 545 U.S. 644, 655 (2005)).  However, review of the claims
13   shows that the new claims will not relate back to Claims One and Two, and petitioner's
14   arguments to the contrary are unavailing.

15       If a federal habeas petition is amended to add a claim that would be untimely, the
16   petitioner may still be able to add the claim "if the new claim shares a 'common core of operative
17   facts' with the claims in the pending petition."  King, 564 F.3d at 1141 (quoting Mayle, 545 U.S.
18   at 659).  A new claim will not be found to "'relate back' to the filing of an exhausted petition
19   simply because it arises from 'the same trial, conviction, or sentence.'"  Id. (quoting Mayle, 545
20   U.S. at 662-64).  Further, a claim does not relate back if "it asserts a new ground for relief
21   supported by facts that differ in both time and type from those the original pleading set forth."
22   Mayle, 545 U.S. at 650 (holding that a claim that challenges a pretrial event and a claim that
23   challenges a trial event do not arise from a common core of operative facts); see also Schneider v.

---

[4] The California Supreme Court denied review in petitioner's direct appeal on September 11, 2019, and he did not file a petition for writ of certiorari.  ECF No. 6 at 25.  As a result, his conviction became final at the expiration of the ninety-day period to seek certiorari immediately following the decision of the state's highest court.  Clay v. United States, 537 U.S. 522, 528 n.3 (2003) (citations omitted); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999).

[5] Petitioner represents that Claims One and Two are exhausted.  ECF No. 6 at 26-27.  The court takes no position on whether the claims have actually been exhausted.

McDaniel, 674 F.3d 1144, 1151 (9th Cir. 2012) (trial court's denial of motion did not share common core of operative facts with claims regarding trial counsel's failure to timely file said motion because one claim was based on the trial court's alleged error, while the other was based on trial counsel's alleged failures); Hebner v. McGrath, 543 F.3d 1133, 1139 (9th Cir. 2008) (holding that a claim related to evidence admitted at trial and a claim related to jury instructions after the close of evidence "depend[ed] upon separate transactions and d[id] not share a common core of operative fact"); United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005) ("[A] petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based on an entirely distinct type of attorney misfeasance." (citations omitted)); United States v. Duffus, 174 F.3d 333, 335, 337 (3d Cir. 1999) (claim of ineffective assistance of counsel for failing to move to suppress evidence did not relate back to claim of ineffective assistance of counsel for failing to contend on appeal that evidence was insufficient to support conviction). In order to "relate back," petitioner's third, fourth, and fifth claims must come from the same "common core of operative facts" as the claims in the original petition. As addressed below, petitioner's new claims do not relate back to the original petition.

In the original petition, Claim One alleged that petitioner was denied due process when the prosecution presented insufficient evidence to prove that he was in possession of the gun found in the car in which he was a passenger. ECF No. 1 at 26-33. Claim Two alleged that petitioner was subject to cruel and unusual punishment when, at twenty-five years old, he was sentenced to thirty years to life for the momentary, constructive possession of a firearm. Id. at 33-40.

Claims Three and Four of the amended petition allege that trial counsel was ineffective in failing to conduct any meaningful investigation or call relevant witnesses, including an appropriate expert witness, and failing to effectively object to or rebut repeated instances of the prosecutor's unfair advocacy and misconduct. ECF No. 6 at 42-49. These allegations involve facts related to trial counsel's performance in preparing and trying the case, including the evidence that counsel failed present or uncover and the actions counsel failed to take. They do

1  not arise from the core of facts involved in determining whether the prosecution introduced
2  sufficient evidence to support the conviction or whether petitioner's sentence was cruel and
3  unusual.
4       Petitioner's conclusory arguments that his claims "relate to violations of Petitioner's
5  federal constitutional right" and "are all 'tied to a common core of operative facts' and relate to
6  the Superior Court's failure to provide Mr. Rogers with a fair trial," ECF No. 5 at 5, reflect no
7  more than the discredited theory that the claims arise from a common core of operative facts
8  because they arise from the same trial. This interpretation of the relation back doctrine has been
9  soundly rejected by the courts. See King, 564 F.3d at 1141. Because Claims Three and Four do
10 not relate back, they would be untimely once exhausted. A stay for the purpose of exhaustion is
11 therefore not appropriate.
12           C. Claim Five Fails to State a Claim and is Untimely
13      Claim Five contends that petitioner was denied due process because he is actually
14 innocent, and the amended petition refers to the insufficient evidence allegations of Claim One as
15 the basis for this claim. ECF No. 6 at 49-50. To the extent petitioner argues that Claim Five
16 relates back to Claim One because it relies on the same facts, he runs headlong into a more
17 fundamental problem: as explained below, the allegations of Claim One are insufficient as a
18 matter of law to support an actual innocence claim. Moreover, any attempt to cure that problem
19 by the later pleading of additional facts would defeat relation back.
20      "It is still an open question as to whether a petitioner 'may be entitled to habeas relief
21 based on a freestanding claim of actual innocence.'" Taylor v. Beard, 811 F.3d 326, 334 (9th Cir.
22 2016) (quoting McQuiggin v. Perkins, 569 U.S. 383, 392 (2013)). Where there is an open
23 question of federal law, there can be no "unreasonable application" of U.S. Supreme Court
24 precedent by the state courts and therefore no federal habeas relief. See 28 U.S.C. § 2254(d)(1);
25 Wright v. Van Patten, 552 U.S. 120, 125-26 (2008) (per curiam). Accordingly, it appears that
26 even if Claim Five were timely it would be non-cognizable as a basis for relief. Alternatively,
27 federal habeas relief would be barred by statute. Either way, the claim is futile.
28 ////

Even assuming for purposes of this motion that such a claim exists in a non-capital case and that relief is theoretically available, "[t]he standard for establishing a freestanding claim of actual innocence is 'extraordinarily high and . . . the showing [for a successful claim] would have to be truly persuasive.'" Jones v. Taylor, 763 F.3d 1242, 1246 (9th Cir. 2014) (alteration in original) (some internal quotation marks omitted) (quoting Carriger v. Stewart, 132 F.3d 463, 476 (9th Cir. 1997)). "[A]t a minimum, the petitioner must 'go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent,'" and while the precise showing required has not been articulated, the Ninth Circuit has "discussed the standard for a freestanding actual innocence claim by reference to the Schlup [v. Delo, 513 U.S. 298 (1995),] 'gateway' showing." Id. (quoting Carriger, 132 F.3d at 476)). Schlup "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. To pass through the Schlup gateway, a "petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. at 327.

Here, Claim Five includes no factual proffer of new evidence. Without factual allegations about the existence of specific new evidence that would meet the Schlup standard, petitioner's actual innocence claim fails as a matter of law. Reliance on the allegations of Claim One is patently insufficient. See Herrera v. Collins, 506 U.S. 390, 402 (1993) (noting distinction between freestanding actual innocence claim and insufficiency of evidence under Jackson v. Virginia, 443 U.S. 307 (1979)); Bousley v. United States, 523 U.S. 614, 623-24 (1998) (actual innocence "means factual innocence, not mere legal insufficiency.")

In the event petitioner has (or discovers) new evidence that he intends to add by amendment after exhausting his state court remedies, the claim will no longer relate back to Claim One because any new evidence will constitute a different core of operative facts. Accordingly, Claim Five cannot be saved from untimeliness even if a claim of actual innocence were cognizable and petitioner were able to allege a prima facie claim.

////

IV. Conclusion

For the reasons stated above, unexhausted Claims Three and Four do not relate back to the claims in the original petition and therefore would be untimely when restored to the amended petition following a Kelly stay. Claim Five fails to state a viable claim, and if petitioner later seeks to add new evidence or factual allegations to support it, the Claim will not relate back to the original petition. Accordingly, the motion for a stay under Kelly should be denied. Additionally, because Claims Three through Five were first presented to this court after the expiration of the statute of limitations, a Rhines stay would also be inappropriate—there is no timely filing date to preserve. For all these reasons, Claims Three through Five of the amended petition should be dismissed as untimely and unexhausted, and Claim Five should additionally be dismissed for failing to state a viable claim.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's motion for stay, ECF No. 5, be DENIED.

2. Grounds Three through Five of the first amended petition be dismissed as untimely and unexhausted and Claim Five additionally be dismissed for failing to state a claim upon which relief can be granted.

3. This case proceed on Grounds One and Two of the first amended petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 29, 2020

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE