UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANDRE MARQUIS ROGERS, | No. 2:20-cv-02421-DAD-AC |
| Petitioner, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING PETITION |
| WARREN L. MONTGOMERY, | |
| Respondent. | (Doc. No. 21) |

Petitioner DeAndre Marquis Rogers, a state prisoner proceeding through counsel, filed an application for a writ of habeas corpus pursuant to 29 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 9, 2024, the assigned magistrate judge issued findings and recommendations recommending that petitioner's federal habeas petition be dismissed because the state court's denial of petitioner's claims was not objectively unreasonable within the meaning of 28 U.S.C. § 2254(d). (Doc. No. 21 at 14.) Specifically, the magistrate judge concluded that the evidence cited by the state court, construed in the light most favorable to the verdict, supported the jury's third-strike conviction of petitioner for possession of a firearm by a felon such that the state court reasonably applied the federal right to due process. (*Id.* at 8–11.) Furthermore, the magistrate judge concluded that the petitioner's sentence of 30 years to life in prison was not grossly

1  disproportionate such that the state court reasonably applied the eighth amendment's prohibition
2  on cruel and unusual punishment.  (*Id.* at 11–14.)

3  The pending findings and recommendations were served on the parties and contained
4  notice that any objections thereto were to be filed within twenty-one (21) days after service, and
5  that any replies were to be served and filed within fourteen (14) days after service of the
6  objections.  (*Id.* at 14.)  Following the granting of extension of time in which to do so (Doc. Nos.
7  22, 23), petitioner filed his objections to the findings and recommendations on November 21,
8  2024.  (Doc. No. 24.)  Respondent did not file a reply to petitioner's objections, and the time in
9  which to do so has passed.

10  In his objections, petitioner argues that the magistrate judge erred regarding his due
11  process claim because no reasonable jury could have found that petitioner had knowledge of the
12  presence of a firearm or intent to possess a firearm where the evidence at trial established
13  petitioner was in the backseat of a car that had a firearm in the front seat.  (*Id.* at 31.)  Petitioner
14  argues for alternative interpretations of the evidence presented, for instance arguing that
15  petitioner's alleged statement of "grab it, grab it" did not reference a gun but rather marijuana that
16  was also present in the car.  (*Id.* at 32.)  However, "[t]he relevant question is whether after
17  viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could
18  have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*,
19  443 U.S. 307, 307 (1979) (emphasis removed).  Petitioner's alternative interpretations of the
20  evidence admitted at his trial therefore do not render the state court's application of federal law
21  objectively unreasonable.  Viewing the evidence in the light most favorable to the prosecution,
22  the court agrees with the magistrate judge and the state court that a rational trier of fact could
23  have found the essential elements of the crime beyond a reasonable doubt.

24  Petitioner further argues that the magistrate judge erred regarding his eighth amendment
25  claim because petitioner's sentence of 30 years to life in prison, imposed when he was 25 years
26  old, was grossly disproportionate to the crime committed—fleeting, constructive possession of a
27  firearm, for which the maximum sentence is typically three years.  (Doc. No. 24 at 39.)  As the
28  magistrate judge reasoned, proportionality does not merely weigh the sentence against the offense

conduct but also considers the state's legitimate interest in dealing harshly with recidivists. (Doc. No. 21 at 11–12) (citing *Ewing v. California*, 538 U.S. 11, 29–30 (2003)). Further, the United States Supreme Court has upheld, as not grossly disproportionate, indeterminate life sentences imposed for nonviolent property offenses where the defendants were sentenced as having suffered their third felony strike conviction. *Ewing*, 538 U.S. at 17–18, 30–31; *Lockyer v. Andrade*, 538 U.S. 63, 66, 77 (2003). Therefore, the state court's application of the eighth amendment could not have been objectively unreasonable.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the undersigned concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis. Therefore, the findings and recommendations will be adopted and petitioner's request for federal habeas relief will be denied on the merits of his presented claims.

In addition, the court declines to issue a certificate of appealability. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability if "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338. In the present case, the court concludes that reasonable jurists would not find the court's determination that the petition should be denied debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the court will decline to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on October 9, 2024 (Doc. No. 21) are ADOPTED in full;
2. The petition for a writ of habeas corpus (Doc. No. 1) is DENIED on the merits;
3. The court declines to issue the certificate of appealability; and
4. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:  **May 21, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE